James B. Fitzsimmons, Esq. Village Attorney, Churchville
I am writing in response to your request for an Attorney General's opinion concerning procedures for acceptance by a village of streets dedicated under the Village Law. Your letter notes that the owners of two private streets in the Village of Churchville have offered to dedicate the streets to the village.
The procedure for voluntary dedication of private streets or land to a village for use as public streets is set forth in Village Law, §6-610. Section 6-610 provides that an offer in writing must be accepted by means of a resolution by the village board. The private owner then executes a deed to the property, which is also accepted by the village board by means of a resolution. Section 6-610 also provides that a street must be at least two rods in width in order to be accepted, unless the board votes unanimously for its acceptance.
You have asked whether compliance with section 6-610 alone is sufficient for acceptance of a privately dedicated street.
In addition to the provisions of section 6-610, which deal specifically with acceptance of privately dedicated streets, article 6 of the Village Law also contains some requirements which apply generally to all matters and procedures affecting streets. Section 6-612 provides that "[t]he board of trustees may by resolution provide for laying out, altering, widening, narrowing, discontinuing or accepting the dedication of a street in the village" (Village Law, § 6-612). Section 6-614 requires notice of resolutions to be given to the public in accordance with article 21 of the Village Law. Although the first sentence of section 6-614 makes no reference to what type of resolutions require hearings, in context it is clear that resolutions for the acceptance of dedicated streets must comply with the hearing requirements of article 21.* Section 6-614 further provides that "[t]he notice must state the general object of the resolution and if it be for the laying out of a street, a general description of its proposed course, and in any other case, the name of the street proposed to be changed, discontinued oraccepted" (emphasis supplied). This language makes it clear that the drafters of the Village Law contemplated that resolutions under section 6-610 for the acceptance of dedicated streets must comply with hearing requirements of article 21 (Village Law, §§ 21-2100,21-2102).
We conclude that a village board must comply with the hearing requirements of article 21 of the Village Law when passing resolutions for the acceptance of private streets dedicated to the village under section 6-610 of the Village Law.
* Section 6-614 provides:
 "Upon adoption of a resolution the board shall immediately give notice of a hearing thereon at specified time and place to consider the resolution and such hearing shall be conducted as provided in article twenty-one herein. The notice must state the general object of the resolution and if it be for the laying out of a street, a general description of its proposed course, and in any other case, the name of the street proposed to be changed, discontinued or accepted. If the street to be laid out, altered, widened, narrowed, discontinued or accepted shall cross a railroad such notice shall be served upon the railroad company as required by section ninety of the railroad law."